IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Angelia J. Igoe, | ) | C/A No.: 1:11-2917-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 24, 2013, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the Defendant in this action was not substantially justified. Defendant filed a response in opposition to Plaintiff's motion on June 7, 2013. Plaintiff filed a Reply on June 17, 2013.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position.

1

Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).  In this case, upon recommendation of the Honorable Shiva V. Hodges, United States Magistrate Judge, this Court reversed the Commissioner's decision pursuant to 42 U.S.C. 405(g), and remanded the case to the Commissioner for further administrative proceedings.  While the reversal of an agency decision for lack of substantial evidence does not raise a presumption that the agency was not substantially justified, this court believes on the record before it that an award of attorney's fees is appropriate.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court grants the Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412.  The Court Orders the Defendant to pay Plaintiff the sum of $6,128.74 in attorney fees.[1]

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

June 27, 2013
Florence, South Carolina

---

[1] The Court notes that this award of EAJA fees should be made payable to Plaintiff, not Plaintiff's counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521, 2526-27 (2010); *see also* 31 U.S.C. § 3727 (Anti-Assignment Act generally precludes assignment of claims against the United States).